91 F.3d 166
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Timothy L. BRYANT, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3481.
 United States Court of Appeals, Federal Circuit.
 Decided April 23, 1996.
 
 Before ARCHER, Chief Judge, NIES, Senior Circuit Judge, and LOURIE, Circuit Judge.
 NIES, Senior Circuit Judge.
 
 
 1
 Timothy L. Bryant petitions for review of the decision of the Merit Systems Protection Board affirming the denial of Mr. Bryant's application to the Office of Personnel Management for disability retirement benefits. Bryant v. Office of Personnel Mgt., No. AT-831E-94-0517-I-1 (March 28, 1995). Because OPM received his application more than one year after Mr. Bryant left his job with the United States Postal Service, we affirm.
 
 DISCUSSION
 
 2
 An application for disability retirement benefits filed more than 31 days after an employee leaves an agency must be filed thereafter directly with OPM within one year of the employee's last date of employment. Mr. Bryant's employment with the United States Postal Service ended on November 27, 1991.* OPM received his application on January 27, 1994, and denied it as untimely filed. There is no dispute that Mr. Bryant did not file directly with OPM within the year following his separation. He alleges that he did file sometime in November 1992 with USPS within the time allowed.** The Board found that even if his allegation were true, the filing of his application with USPS did not meet the requirement to file with OPM within a year. This court has reluctantly upheld such decisions under current OPM regulations. Deerinwater v. Office of Personnel Mgt., 78 F.3d 570 (Fed.Cir.1996). We affirm in this case as well. However, we see no reason OPM could not change its regulations so that filing with an agency would constitute filing with OPM. OPM has, in effect, authorized an agency to act as OPM's filing agent for 31 days after a last day of employment. OPM could extend that authorization for the year so as to avoid this recurring problem of misdirected applications. However, we cannot say OPM's current directives respecting filing are contrary to the statute, but only that OPM's regulations strike some reviewers as unnecessarily harsh.
 
 
 3
 LOURIE, Circuit Judge, concurs in the result.
 
 
 
 *
 For applications filed in 1991, 5 U.S.C. § 8337(b) (1988), 5 C.F.R. § 831.501(a) (1991); and OPM Operating Manual, Ch. 60 (Jan. 20, 1991) and Standard Form 2824 (rev'd 1/91) applied
 
 
 **
 Mr. Bryant submitted no evidence to support his alleged filing date with the agency