86 F.3d 1176
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Russell M. HENRY, Jr., Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 96-3052.
 United States Court of Appeals, Federal Circuit.
 May 10, 1996.
 
 Before RICH, Circuit Judge, COWEN, Senior Circuit Judge, and PLAGER, Circuit Judge.
 ON MOTION
 RICH, Circuit Judge.
 
 ORDER
 
 1
 The Office of Personnel Management (OPM) moves for summary affirmance of the Merit Systems Protection Board's order affirming OPM's decision that Russell M. Henry, Jr.'s application for disability retirement under the Federal Employee Retirement System was untimely filed. OPM states that Henry opposes. Henry, however, has not responded.
 
 
 2
 On April 30, 1993, Henry was removed from his position at the Norfolk Naval Shipyard because of a physical inability to perform the duties of his position. The personnel office at the shipyard instructed Henry to file his application for disability retirement with that office rather than with OPM. Henry filed his application with the shipyard personnel office on April 26, 1994. The application was forwarded to OPM, but was not received until June 20, 1994, more that one year after Henry had been separated from service.
 
 
 3
 OPM rejected the application as filed more than one year after separation of service. Henry appealed to the Board. The Administrative Judge (AJ) determined that OPM properly rejected the application as untimely filed. The AJ further determined that an employee's filing of a disability retirement application with the former employing agency does not constitute constructive filing with OPM. See 5 U.S.C. § 8453; 5 C.F.R. § 844.201(a)(1). This petition for review followed.
 
 
 4
 In Deerinwater v. Office of Personnel Management, 78 F.3d 570, 572-73 (Fed.Cir.1996), we held that under 5 U.S.C. § 8453 and OPM's implementing regulation it is clear that a disability retirement application by a former employee is timely filed only if the application is received by OPM within one year of separation. We further held that § 844.201(a)(1) conforms "precisely" with 5 U.S.C. § 8453 and, thus, that OPM did not abuse is discretion in promulgating § 844.201(a)(1). Id. at 573.
 
 
 5
 Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994). We agree with OPM that the Board's decision should be summarily affirmed based on Deerinwater. In his brief filed before Deerinwater issued, Henry argues that an applicant constructively files a disability retirement application with OPM when the applicant files the application with the former employing agency within one year of separation. However, this was the precise issue decided adversely to the applicant in Deerinwater.
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) OPM's motion for summary affirmance is granted.
 
 
 8
 (2) Each side shall bear its own costs.