95 F.3d 1165
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Theda E. CAMMON, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 96-3206.
 United States Court of Appeals, Federal Circuit.
 Aug. 6, 1996.
 
 Before MICHEL, CLEVENGER and BRYSON, Circuit Judges.
 MICHEL, Circuit Judge.
 
 DECISION
 
 1
 Theda E. Cammon petitions this court to review the decision of the Merit Systems Protection Board (MSPB or Board), in docket No. SF-844E-96-0059-I-1, affirming the reconsideration decision of the Office of Personnel Management (OPM) denying her request for Federal Employees Retirement System (FERS) disability retirement annuity benefits as being untimely. The February 16, 1996 initial decision of the Board became final by operation of law on March 22, 1996. This appeal was submitted for decision on August 1, 1996. Because substantial evidence supports the finding of the Administrative Judge (AJ) that Ms. Cammon was not mentally incompetent during the one year following her separation from service as a correctional officer, and because the OPM cannot be estopped from denying applicant benefits for failure of the employing agency to notify the applicant of a right to file a disability retirement application and the applicable time limit for such filing, the decision of the Board is affirmed.
 
 DISCUSSION
 
 2
 Ms. Cammon, a former correctional officer at the Federal Bureau of Prisons' (BOP) Terminal Island Correction Facility in San Pedro, CA, was removed from her position, effective July 28, 1988, because BOP found that, as a result of her mental condition, she was unable to perform her duties. Ms. Cammon's mental condition was reflected by her persistent complaints to co-workers about several matters, including that inmates and prison staff were throwing acid, feces and hair lotion at her, that co-workers had put cat urine in the vent of her car, and that unknown individuals had broken into her home and stolen her cheese.
 
 
 3
 On December 14, 1994, Ms. Cammon applied for FERS disability benefits, approximately six and one-half years after her removal. On May 30, 1995, OPM denied Ms. Cammon's application because she failed to file her application within one year of separation as required by 5 U.S.C. § 8453. However, OPM advised Ms. Cammon that she could seek reconsideration if she believed that she fit within the exception to the timeliness requirement for those who are mentally incompetent either at the time of separation, or within one year of that date. In her July 21, 1995 letter, Ms. Cammon asserted that she was entitled to a waiver of the timeliness requirement because as of August 1988, and continuing to the date of the letter, she was mentally incompetent and because until September 1994 she was unaware of her right to request disability retirement benefits.
 
 
 4
 On September 18, 1995, OPM denied Ms. Cammon's request for reconsideration. OPM concluded, after reviewing the relevant medical and psychiatric evidence, that the record failed to support the assertion that Ms. Cammon was mentally incompetent on the date of her separation or within one year of that date. Furthermore, OPM concluded that the fact that Ms. Cammon was not made aware of the right to file an application for disability retirement benefits and the applicable deadline was not a ground to waive the time limit.
 
 
 5
 Ms. Cammon appealed OPM's decision to the MSPB on the grounds that her untimely filing was due to mental incompetence and lack of notice of her right to file for disability retirement benefits. The AJ found that the mere fact that Ms. Cammon was removed from her position because she was mentally unable to perform her duties as a correctional officer did not, in and of itself, establish that she was mentally incompetent to apply for disability benefits in a timely manner. In addition, the AJ found that Ms. Cammon "did not suffer from mental incompetency during the one year period after her separation." As a basis for his finding, the AJ relied on the evidence of record showing that prior to the July 28, 1989 deadline for filing, Ms. Cammon "pursued her formal complaint of discrimination; she applied for and received Federal assistance; she lived on her own; and, she was employed in a temporary position." Moreover, the AJ determined that under current precedent, the OPM cannot be estopped from enforcing the statutory one-year filing deadline because the employing agency failed to inform her of her right to file a disability retirement application. Accordingly, the MSBP affirmed OPM's denial of Ms. Cammon's request for disability retirement benefits for lack of timeliness. This appeal followed.
 
 
 6
 This court must affirm the Board's decision unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994).
 
 
 7
 First, Ms. Cammon argues that she was unable to file her application within the statutorily prescribed time limitation due to mental incompetence. It is undisputed that Ms. Cammon first filed for disability retirement benefits over six years after she was removed from service. 5 U.S.C. § 8453 provides that a claim for disability benefits may only be allowed if the application is filed no later than one year after the employee is separated from service unless the employee is mentally incompetent at the date of separation or within one year thereafter. If deemed mentally incompetent, the employee has one year from the time the employee is no longer mentally incompetent in which to file the application.
 
 
 8
 But substantial evidence supports the AJ's finding that, although she was dismissed due to her mental condition, Ms. Cammon was not mentally incompetent during the year following her separation. During that period of time, Ms. Cammon held a temporary position with the Census Bureau, gave birth to her daughter, and pursued a formal complaint of discrimination. Furthermore, in a March 15, 1990 report conducted for the purpose of contesting her job termination, Jerry Duprez, Ph.D., and Ruth Deich, Ph.D., stated that Ms. Cammon displayed no gross clinical pathology, and that she appeared capable of functioning well at the time of the examination. Also, Richard B. Heim, Ph.D., examined Ms. Cammon on March 26, 1990, and found that she suffered from "no diagnosable mental condition."
 
 
 9
 Moreover, Ms. Cammon has failed to offer any medical evidence to support a finding of mental incompetence for the one-year period following her separation but relied solely on subjective statements of her family. She acknowledged that she was not undergoing medical treatment during that period. The Board has specifically held, and this court has affirmed, that subjective statements of incompetency must be supported by medical evidence. See Thieken v. Office of Personnel Management, 56 M.S.P.R. 192, 194 (1993), aff'd, 11 F.3d 1074 (Fed.Cir.1993) (table), cert. denied, 114 S.Ct. 1553 (1994). Accordingly, the AJ's finding that Ms. Cammon "did not suffer from mental incompetency during the one year period after her separation" is not arbitrary, capricious, an abuse of discretion, otherwise not in accordance with the law, or unsupported by substantial evidence.
 
 
 10
 Second, Ms. Cammon argues that the OPM should be estopped from denying her application for lack of timeliness because her employing agency failed to inform her of her right to file an application for disability retirement benefits and she was not aware of that right until 1994. The cases cited by petitioner to support her estoppel argument are irrelevant to the merits of this case. To the contrary, the Board has specifically held that the OPM cannot be estopped from enforcing the one-year statutory filing deadline where the employee's former agency failed to notify the employee of the right to file a disability retirement application. Overall v. Office of Personnel Management, 52 M.S.P.R. 15, 17 (1991) (citing Office of Personnel Management v. Richmond, 496 U.S. 414, rehearing denied, 497 U.S. 1046 (1990)); cf. Deerinwater v. Office of Personnel Management, 78 F.3d 570 (Fed.Cir.1996) (application held untimely even though lateness of filing was due to misinformation by agency). Accordingly, the AJ's conclusion that there was "no ground for waiver of the statutory deadline based on the Department of Justice's failure to notify [Ms. Cammon] that she could apply for disability annuity" was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.