NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3224

SAMUEL G. MCDANIEL,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

———————————

DECIDED:  February 15, 2006

———————————

Before RADER, SCHALL, and GAJARSA, Circuit Judges.

PER CURIAM.

## DECISION

Samuel G. McDaniel petitions for review of the final decision of the Merit Systems Protection Board ("Board") that affirmed the denial by the Office of Personnel Management ("OPM") of his application for disability retirement as untimely.  McDaniel v. Office of Pers. Mgmt., No. SF-0831-04-0084-I-1 (M.S.P.B. May 16, 2005).  We affirm.

DISCUSSION

I.

Mr. McDaniel was employed by the United States Postal Service ("USPS") until he was separated from his position in September 1995.

In March 2003, Mr. McDaniel filed a petition for disability benefits with OPM. In a May 27, 2003 letter, OPM (i) explained that a disability retirement application must be filed within one year of separation pursuant to 5 U.S.C. § 8337(b); (ii) noted that the time can only be waived if the employee is mentally incompetent on the date of separation or within one year thereafter; and (iii) requested that Mr. McDaniel submit medical information establishing that he was mentally incompetent from September 5, 1995, through September 1996. Mr. McDaniel did not submit any evidence of mental incompetence, so on July 17, 2003, OPM dismissed Mr. McDaniel's claim as untimely. Mr. McDaniel sought reconsideration of OPM's decision, but he did not provide any new documentation. On October 29, 2003, OPM affirmed its initial decision.

Mr. McDaniel timely appealed to the Board. On May 5, 2004, the administrative judge ("AJ") to whom the appeal was assigned issued an initial decision affirming OPM's dismissal. McDaniel v. Office of Pers. Mgmt., No. SF-0831-04-0084-I-1 (M.S.P.B. May 5, 2004). The AJ concluded that Mr. McDaniel did not meet his burden of proof that he was unable to handle his personal affairs because of mental disease or injury. On the contrary, the AJ found that the evidence demonstrated that during the entire time of his period of separation, Mr. McDaniel had been participating in legal processes that required him to file documents and meet deadlines, and that he had been in enrolled in community college. The AJ thus affirmed OPM's dismissal. That

decision became final on May 16, 2005. <u>McDaniel v. Office of Pers. Mgmt.</u>, No. SF-0831-04-0084-I-1 (M.S.P.B. May 16, 2005). This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); <u>Kewley v. Dep't of Health & Human Servs.</u>, 153 F.3d 1357, 1361 (Fed. Cir. 1998). A Board decision is unsupported by substantial evidence when it lacks "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Matsushita Elec. Indus. Co. v. United States</u>, 750 F.2d 927, 933 (Fed. Cir. 1984) (citations omitted).

The Board did not err in affirming OPM's denial of Mr. McDaniel's application for disability retirement as untimely. It is undisputed that Mr. McDaniel was separated from his position with the USPS in September 1995 and that he did not file a petition for disability benefits with OPM until March 2003. Thus, the application was not filed within one year of the date that Mr. McDaniel was separated from service. Section 8337(b) states that a claim for disability retirement "may be allowed under this section only if the application is filed with the Office before the employee or Member is separated from the service or within 1 year thereafter." 5 U.S.C. § 8337(b) (2000). Under these circumstances, the application is untimely. This time limitation may be waived only if an employee is, at the date of separation from service or within 1 year thereafter, mentally

incompetent. Id. There is no basis to waive the time limitation, as Mr. McDaniel has not provided any evidence that at the date of his separation or within one year thereafter he was mentally incompetent. The OPM therefore did not err in denying Mr. McDaniel's application for disability retirement, see Deerinwater v. Office of Pers. Mgmt., 78 F.3d 570, 573 (Fed. Cir. 1996) (holding that OPM lacks the authority to consider an untimely application), and the Board's decision is supported by substantial evidence, see McLaughlin v. Office of Pers. Mgmt., 353 F.3d 1363, 1368-69 (Fed. Cir. 2004) (finding that the Board's decision that the employee did not prove mental incompetence during the statutory period was supported by substantial evidence).

For the foregoing reasons, the final decision of the Board is affirmed.

No costs.