NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2010-3062

ROBERT E. FORD, II,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Robert E. Ford, II, of Jacksonville, Florida, pro se.

Steven M. Mager, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Harold D. Lester, Jr., Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2010-3062

ROBERT E. FORD, II,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board
in AT0831090514-I-1.

_____

DECIDED:  May 10, 2010

_____

Before BRYSON, GAJARSA, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

Robert E. Ford, II, petitions for review of a decision of the Merit Systems Protection Board affirming the decision of the Office of Personnel Management ("OPM") denying his application for disability retirement benefits.  We <u>affirm</u>.

## BACKGROUND

Mr. Ford worked for the United States Postal Service until May 11, 1990.  More than 17 years later, on December 14, 2007, he filed with OPM an "Application for

Immediate Retirement." In his application, he requested that he be granted disability retirement from his former position with the Postal Service. OPM denied Mr. Ford's request on August 28, 2008. Citing 5 U.S.C. § 8337(b), OPM stated that "the law requires that applications for disability retirement be filed with OPM either prior to separation from service or within one year thereafter." OPM dismissed Mr. Ford's application because the application was "not filed within the time limit set by law."

Mr. Ford sought reconsideration, and OPM again denied relief because his 2007 application was filed more than 16 years after the expiration of the one-year statutory limitations period. In its decision, OPM noted that, under 5 U.S.C. § 8337(b), it could waive the one-year period if Mr. Ford was mentally incompetent "on the date of separation or within one year thereafter." OPM found, however, that Mr. Ford was "capable of handling [his] personal day to day affairs" and that there was no medical evidence showing that he was mentally incompetent between May 1990 and May 1991.

Mr. Ford appealed OPM's reconsideration decision to the Merit Systems Protection Board. Following a hearing, the administrative judge who was assigned to the case affirmed OPM's decision. The administrative judge found that Mr. Ford had failed to file his application within the statutory time period and had admitted that he was competent during the one-year period following the termination of his employment with the Postal Service. The full Board denied Mr. Ford's petition for review of the administrative judge's decision. Mr. Ford now petitions this court for review.

DISCUSSION

Under 5 U.S.C. § 8337(b), an application for disability retirement under the Civil Service Retirement System must be filed with OPM "before the employee . . . is

separated from the service or within 1 year thereafter." The statute provides that the time limitation may be waived if the employee "at the date of separation from service or within 1 year thereafter is mentally incompetent," so long as "the application is filed with the Office within 1 year from the date of restoration of the employee . . . to competency or the appointment of a fiduciary, whichever is earlier." Id. As the administrative judge noted, the statute permits waiver of the time limit "only if the applicant is mentally incompetent." Deerinwater v. Office of Pers. Mgmt., 78 F.3d 570, 573 (Fed. Cir. 1996); Parker v. Office of Pers. Mgmt., 974 F.2d 164, 165 (Fed. Cir. 1992).

Mr. Ford does not argue that the Board erred in interpreting 5 U.S.C. § 8337(b), and he does not dispute the Board's findings. Instead, he asserts that he was involuntarily terminated from his position and that he was targeted for termination because of his disability. He further states that he did not file an application for disability retirement benefits during the appropriate period because he was only 35 years old at that time. Mr. Ford also argues that he "did [not] get a chance to tell [his] story" at the hearing before the administrative judge because he "froze up" when OPM's counsel "mentioned perjury."

As the administrative judge pointed out, Mr. Ford's claim that he was involuntarily terminated does not fall within the scope of his appeal from OPM's denial of his application for disability retirement. Instead, that claim would have to be brought as a separate unlawful termination claim against the Postal Service under 5 U.S.C. § 7513, although that claim, if pursued now, would be substantially out of time. As for Mr. Ford's contention that he did not apply for disability retirement when he left the Postal Service in 1990 because he was only 35 years old and did not realize that he might be entitled

to disability retirement benefits, the applicable statute makes it clear that an employee who becomes disabled after at least five years of civilian service is eligible for disability retirement regardless of his age, as long as he files an application for disability retirement within the statutory period. 5 U.S.C. § 8337(a). Mr. Ford's lack of knowledge of his possible eligibility for disability retirement benefits and of the time limitation on applying for those benefits is not an excuse for his failure to seek those benefits on a timely basis. In fact, OPM lacks discretion to waive the one-year deadline under either the Civil Service Retirement System or the Federal Employees' Retirement System absent a showing of mental incompetence during that period. McLaughlin v. Office of Pers. Mgmt., 353 F.3d 1363, 1364, 1368 (Fed. Cir. 2004); Brickhouse v. Office of Pers. Mgmt., 111 M.S.P.R. 518, 520 (2009); Deerinwater, 78 F.3d at 573; Crane v. Office of Pers. Mgmt., 55 M.S.P.R. 16, 18 (1992); Stevenson-Phillips v. Office of Pers. Mgmt., 48 M.S.P.R. 527, 531 (1991). As for Mr. Ford's claim regarding his inability to tell his story at the hearing, he has not offered an adequate explanation for his failure to say what he wanted to say, and he has not pointed to anything he might have said that would have affected the outcome of his appeal, which turned on his failure to file his disability retirement application within the statutorily prescribed time period. We therefore uphold the Board's decision denying his request for disability retirement benefits.