**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| HOWARD L. JOHNSON, | DOCKET NUMBER |
| Appellant, | CH-844E-14-0449-I-1 |
| v. | |
| OFFICE OF PERSONNEL MANAGEMENT, | DATE: April 24, 2015 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

George R. Carter, Esquire, Louisville, Kentucky, for the appellant.

Delores A. Saunders, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the Office of Personnel Management's (OPM's) final decision dismissing his application for disability retirement as untimely filed.  Generally, we grant petitions such as this one only when:  the initial decision contains

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2     The U.S. Postal Service removed the appellant, a former nonpreference eligible City Carrier, based on the charge of Absence Without Leave (AWOL). Initial Appeal File (IAF), Tab 20 at 8 (Postal Service Form 50). The appellant applied for disability retirement benefits under the Federal Employees Retirement System (FERS) in June or July 2011 based on major depressive disorder, bilateral plantar fasciitis, pes cavus with hammertoes, metatarsalgia, and diabetes mellitus. He claimed that these conditions interfered with the performance of his duties because they caused severe numbness, pain, and tingling in both feet.[2] *See* IAF, Tab 5 at 22-23 (disability retirement application). Based on the Individual Retirement Record (IRR) showing a removal date of February 20, 2010, OPM

---

[2] Although OPM asserts that the appellant's disability retirement application was dated July 19, 2011, and received on July 25, 2011, the copy of the application provided in the initial appeal file is dated June 7, 2011. *See* IAF, Tab 5 at 16, 22-23. We need not resolve this discrepancy, however, because both dates fall well outside the 1-year filing period ending on or about February 21, 2011. *See* 5 U.S.C. § 8453; *see also infra* ¶ 7.

dismissed the application as untimely filed outside the 1-year statutory time limit established by 5 U.S.C. § 8453. IAF, Tab 5 at 4-5 (OPM reconsideration decision), 7 (IRR), 16-18 (OPM initial decision). The appellant appealed OPM's decision, arguing that his application was timely filed because he was not removed in February 2010 but was on leave without pay until at least August 2010, and, in the alternative, the filing deadline should be equitably tolled because his employing agency failed to give him notice of his potential eligibility for disability retirement and sent him misleading information about his employment status. IAF, Tab 1 at 4-5, Tab 23 at 1-9.

¶3      The administrative judge affirmed OPM's decision, finding that: the IRR correctly reflected the appellant's removal date of February 20, 2010; the July 2011 application for disability retirement was untimely filed; and equitable tolling could not be invoked to waive the statutory filing deadline. IAF, Tab 24, Initial Decision (ID) at 2-5. The appellant has petitioned for review of the initial decision. Petition for Review (PFR) File, Tab 1. On February 11, 2015, the Board issued a show cause order ordering the parties to submit additional information regarding the appellant's separation date and employment status in 2010. *Id.*, Tab 3. Both parties timely responded. *Id.*, Tabs 4-5.

The administrative judge correctly affirmed OPM's decision finding that the appellant's removal was effective February 20, 2010, and that the disability retirement application was untimely filed.

¶4      In its reconsideration decision, OPM explained that the IRR was "[c]onclusive documentation" of the appellant's removal date. IAF, Tab 5 at 5, 7. The administrative judge agreed that the record evidence—including several secondary documents reflecting a removal date of February 20, 2010, and a January 15, 2010 medical record indicating that the appellant had "quit his job"—demonstrated that the IRR was accurate and that he was removed effective February 20, 2010. ID at 2-4; *see* IAF, Tab 5 at 36, 74, Tab 20 at 7. The appellant maintains, however, that the employing agency did not process his

removal until August 19, 2010, rendering his July 2011 application for disability retirement timely filed. PFR File, Tab 1 at 5.

¶5        The Board has jurisdiction to review the accuracy and completeness of the IRR in the context of appeals from OPM final decisions that rely on them. *Conner v. Office of Personnel Management*, 120 M.S.P.R. 670, ¶ 6 (2014), *aff'd*, No. 2014-3129, 2015 WL 1061870 (Fed. Cir. Mar. 12, 2015). Like a Standard Form 50, an IRR does not constitute the personnel action itself and does not on its face control an employee's status and rights. *See Fox v. Department of the Army*, 120 M.S.P.R. 529, ¶ 22 (2014). Rather, we must look to the totality of the circumstances to determine the date and nature of the appellant's separation. *See id*.

¶6        The initial appeal file contained several documents, dated between April and September 2010, indicating that the appellant's removal was effective February 20, 2010. *See* IAF, Tab 5 at 7 (IRR dated September 23, 2010), 74 (notice of indebtedness dated September 29, 2010), Tab 20 at 7 (notice of removal or separation for disability dated April 16, 2010), 8 (Postal Service Form 50 processed August 19, 2010). In addition, the record contained letters dated July 29, 2010, from the Thrift Savings Plan (TSP) and August 5, 2010, from the employing agency, both of which indicated that the appellant was still employed in the federal service. IAF, Tab 5 at 13-15. The appellant represented before the administrative judge that the employing agency "never advised [him] about the change of his status[.]" IAF, Tab 23 at 7.

¶7        Out of an abundance of caution to ensure that the IRR and the other secondary documents correctly reflected the appellant's removal date, we ordered the parties to submit additional information and evidence regarding the appellant's removal and employment status during 2010. PFR File, Tab 3. In response to the show cause order, both parties submitted, among other things, a January 19, 2010 notice of removal advising the appellant that he would be removed from federal service no sooner than 30 calendar days from receipt of the

notice based on the charge of AWOL from August 1, 2009, through the date of the notice. *Id.*, Tab 4 at 5, Tab 5 at 31. The appellant also submitted an affidavit wherein he attested that he received the notice of removal on January 19, 2010.[3] PFR File, Tab 5 at 4. Based upon this record, we find no reason to disturb the administrative judge's finding that the IRR correctly reflected that the appellant was removed effective February 20, 2010, and that his July 2011 application for disability retirement thus was untimely filed. *See* ID at 4.

<u>The administrative judge correctly determined that equitable tolling of the statutory filing deadline is unavailable under the circumstances presented here.</u>

¶8        The appellant argued below that, even if his removal was effective February 20, 2010, he was entitled to equitable tolling of the statutory time period for filing a disability retirement application because the employing agency misled him regarding his employment status and failed to give him notice of his potential eligibility for disability retirement. IAF, Tab 23 at 7-9. The administrative judge rejected these arguments, finding that equitable tolling was inconsistent with 5 U.S.C. § 8453, which provides for waiver of the 1-year filing deadline only where an employee is mentally incompetent at the date of separation or within 1 year thereafter. ID at 4-5. On review, the appellant renews his argument that he is entitled to equitable tolling of the statutory filing deadline because his employing agency failed to satisfy its regulatory duty to notify him of his potential eligibility for disability retirement.[4] *See* PFR File, Tab 1 at 6-8.

---

[3] The appellant's admission of his receipt of the January 19, 2010 notice of removal is in direct contrast to his representations below that he was "never advised" about his change in employment status until August 2010. *Compare* PFR File, Tab 5 at 4, *with* IAF, Tab 23 at 7.

[4] The appellant refers to 5 U.S.C. § 8337(b) and 5 C.F.R. § 831.1205(b)(1), which are applicable to employees covered by the Civil Service Retirement System (CSRS). IAF, Tab 23 at 5, 8; PFR File, Tab 1 at 6. The appellant, however, was covered by FERS. IAF, Tab 20 at 8 (box 28). As such, the statutory limitations period applicable to the appellant is set forth at 5 U.S.C. § 8453 and the regulatory notice requirement is set forth at 5 C.F.R. § 844.202(b)(1). There is no substantive difference between the CSRS and FERS statutes and regulations as applicable to this appeal. *Compare* 5 U.S.C.

¶9        There are three bases for waiving a filing deadline prescribed by statute or regulation: (1) the statute or regulation specifies circumstances for a waiver; (2) an agency's affirmative misconduct may preclude enforcement of the deadline under the doctrine of equitable estoppel; and (3) an agency's failure to provide a notice of rights and the applicable filing deadline may warrant a waiver of the deadline, if statute or regulation requires that such notice be given. *Jeter v. Office of Personnel Management*, 71 M.S.P.R. 495, 498 (1996). First, although the relevant statute, 5 U.S.C. § 8453, provides that waiver of the deadline may be allowed if the employee was mentally incompetent at the date of separation from service or within 1 year thereafter, the appellant does not allege mental incompetence. *See* PFR File, Tab 1. Second, the appellant does not allege that the employing agency engaged in any affirmative misconduct.[5] *See id.* He does argue, however, that the third basis for waiver of a filing deadline applies here because the employing agency had a regulatory duty to provide him notice of his disability retirement option but failed to do so. *See id.* at 6-9.

¶10       It is true that, when an agency removes a FERS employee and the removal is based on reasons apparently caused by a medical condition, the employing agency is required to inform him of his possible eligibility for disability retirement and of the time limit for filing an application. 5 C.F.R. § 844.202(b)(1). The current record is not sufficiently developed to determine whether the employing agency was required to afford the appellant notice under

---

§ 8337(b), *with* 5 U.S.C. § 8453; *compare* 5 C.F.R. § 831.1205(b)(1), *with* 5 C.F.R. § 844.202(b)(1).

[5] Below, the appellant alleged that the agency misled him and failed to provide notice of his removal. *See* IAF, Tabs 1, 23. The administrative judge found that the appellant failed to present any evidence that the employing agency intended to induce or trick him from timely filing his application for a disability retirement. ID at 4-5. On review, the appellant does not appear to challenge, and we discern no basis to disturb, this finding. *See* PFR File, Tab 1.

5 C.F.R. § 844.202(b)(1) or whether it did so.[6] The Board has held, however, that even if the employing agency was required by 5 C.F.R. § 844.202(b)(1) to inform the appellant of his potential disability retirement option, the agency's failure to do so would not provide a basis to waive the statutory 1-year filing deadline under 5 U.S.C. § 8453. *King v. Office of Personnel Management*, 112 M.S.P.R. 522, ¶ 14 (2009).

¶11    The appellant urges us to follow *Winchester v. Office of Personnel Management*, 449 F. App'x 936, 938 (Fed. Cir. 2011), a nonprecedential U.S. Court of Appeals for the Federal Circuit decision finding that equitable tolling of the 1-year statutory filing period to apply for disability retirement is available where the employing agency fails to give an employee, whose removal is based on reasons apparently caused by a medical condition, notice of his potential eligibility for disability retirement as required by OPM regulations.[7] *See* PFR File, Tab 1 at 6-8. While the Board is not bound by nonprecedential Federal Circuit decisions, *Mills v. U.S. Postal Service*, 119 M.S.P.R. 482, ¶ 8 (2013), we are bound to follow the unambiguously expressed intent of Congress, *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842-43 (1984). For the reasons set forth below, we find that we have no authority to

---

[6] The appellant alleges that he was off work beginning in 2009 for medical reasons, and the record contains medical treatment records from 2008 through 2010, an August 13, 2010 Social Security Administration decision finding the appellant disabled since August 1, 2009, and a partially-completed application for Family and Medical Leave Act leave dated September 22, 2009. IAF, Tab 5 at 30-71, Tab 22 at 1; PFR File, Tab 5 at 3, 8-10, 12-20. However, because the administrative judge found that the statutory deadline was not subject to equitable tolling, the factual basis of the appellant's entitlement to the regulatory notice was not developed in the proceedings below. *See* ID at 4-5.

[7] Although the appellant in *Winchester* was a former federal employee covered by CSRS, *Winchester*, 449 F. App'x at 937, the relevant statutory and regulatory requirements for applying for and establishing entitlement to a disability retirement under CSRS and FERS are "broadly similar," *Chapman v. Office of Personnel Management*, 110 M.S.P.R. 423, ¶ 9 (2009); *see supra* n.4.

equitably toll the statutory filing deadline based on an agency's failure to give regulatory notice.

¶12          In *Jeter* and *King*, the Board considered the exact issue before us now: whether an agency's failure to notify an appellant of the deadline for filing a disability retirement application, as required by 5 C.F.R. § 844.202(b)(1), provides a basis for waiving the 1-year statutory filing deadline under 5 U.S.C. § 8453. *King*, 112 M.S.P.R. 522, ¶ 14; *Jeter*, 71 M.S.P.R. at 498-500. The Board determined that it does not, stating:

> [I]t is true that OPM's regulation [5 C.F.R. § 844.202(b)] required the [appellant's employing agency] to inform the appellant of the deadline for filing a disability retirement application and that it did not do so. Accepting this failure to satisfy a notice obligation imposed by OPM as an independent basis for waiver of the statutory deadline, when Congress has already defined the only basis for such waiver, would essentially permit OPM to vary the filing requirements set by Congress in the statute. OPM, however, only has such authority as has been granted or delegated to it under the specific terms prescribed by Congress in the delegating statute. *See Killip v. Office of Personnel Management*, 991 F.2d 1564, 1569-70 (Fed. Cir. 1993). When Congress has mandated specific timeliness requirements regarding the filing of an application or election and a particular filing does not meet those requirements, therefore, OPM lacks the authority to consider it. *See Deerinwater v. Office of Personnel Management*, 78 F.3d 570, 571-73 (Fed. Cir. 1996) (upholding disallowance of application under 5 U.S.C. § 8453 as untimely filed); *Killip*, 991 F.2d at 1570 (upholding disallowance of appellant's election where it was made after date prescribed by Congress).

*King*, 112 M.S.P.R. 522, ¶ 14 (quoting *Jeter*, 71 M.S.P.R. at 500). This result accords with the well-settled propositions of law that public funds like disability retirement benefits must be spent according to the letter of the difficult judgments reached by Congress as to the common good, and that agencies may not stretch their jurisdiction to decide questions whose resolution properly lies with Congress. *Jeter*, 71 M.S.P.R. at 501 (citing *Office of Personnel Management v. Richmond*, 496 U.S. 414, 428 (1990)).

¶13 We therefore discern no basis to disturb the administrative judge's finding that equitable tolling may not be invoked to waive the statutory filing deadline, even if the employing agency failed to give the appellant regulatory notice to which he was otherwise entitled.

**NOTICE TO THE APPELLANT REGARDING**
**YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.