NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JAMES W. WINCHESTER,**
*Petitioner,*

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2011-3074

---

Petition for review of the Merit Systems Protection Board in Case No. DE831L100176-I-1.

---

Decided: November 22, 2011

---

ANNE WHALEN GILL, Highlands Ranch Law Center, P.C., of Highlands Ranch, Colorado, for petitioner.

SCOTT D. AUSTIN, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, JR., Assistant Director. Of counsel on the brief was MICHAEL J.

TIMINSKI, Deputy Assistant General Counsel, United States Department of Veterans Affairs, of Washington, DC. Of counsel was WADE M. PLUNKETT, Office of Personnel Management, of Washington, DC.

_____

Before NEWMAN, LOURIE, and LINN, *Circuit Judges.*

NEWMAN, *Circuit Judge.*

James W. Winchester petitions for review of the final decision of the Merit Systems Protection Board, affirming the denial by the Office of Personnel Management (OPM) of his application for disability retirement benefits. *Winchester v. Office of Personnel Management*, DE-831L-10-0176-I-1 (MSPB April 5, 2010). We vacate the Board's decision, for it was based on the incorrect premise that the Board has no equitable authority, and remand for determination of whether the one-year period for filing an application for disability retirement benefits may be equitably tolled with respect to Mr. Winchester.

BACKGROUND

Mr. Winchester was employed as an Assistant United States Attorney with the Department of Justice, starting in 1972. In 1992 he began to experience difficulties handling the demands of his position, and over the succeeding years he experienced several lengthy medical leaves. By 1996 Mr. Winchester was on extended leave and receiving disability benefits as an employee. On January 16, 1998 the Department of Justice sent Mr. Winchester a written notice of separation from service. The notice extensively described Mr. Winchester's deteriorating employment situation, and referred to his bipolar disorder. The notice advised him that he had the right to appeal his removal to the Merit Systems Protection Board, and stated the applicable procedure.

However, the notice did not advise Mr. Winchester of his possible eligibility for disability retirement, or state the time limit of one year for filing such application.

By statute, an application for disability retirement must be filed within one year after separation from service:

> 5 U.S.C. §8337(b). A claim may be allowed under this section [Disability retirement] only if the application is filed with the Office before the employee or Member is separated from the service or within 1 year thereafter. This time limitation may be waived by the Office for an employee or Member who at the date of separation from service or within 1 year thereafter is mentally incompetent, if the application is filed with the Office within 1 year from the date of restoration of the employee or Member to competency or the appointment of a fiduciary, whichever is earlier.

Regulation requires that notice of possible eligibility for disability retirement must be given when an employee is removed for medical reasons:

> 5 C.F.R. §831.1205(b)(1). When an agency issues a decision to remove an employee [and] the removal is based on reasons apparently caused by a medical condition, the agency must advise the employee in writing of his or her possible eligibility for disability retirement.

On February 16, 2009 Mr. Winchester submitted an application for disability retirement. OPM denied the application because it was not filed within one year of his separation from service. OPM also determined that Mr. Winchester had not established "mental incompetency" as

set forth in §8337(b) as grounds for waiver of the time limit for filing an application.

Mr. Winchester requested reconsideration, arguing that equitable tolling should apply because neither the Department of Justice nor OPM nor any other agency had provided him with the required notice concerning disability retirement. On reconsideration OPM again denied the application, stating that failure of the agency to give the notice required by the regulation cannot override the statutory time limit for filing the application. The Merit Systems Protection Board agreed with OPM, leading to this appeal.

## DISCUSSION

Mr. Winchester argues that the agencies, like the courts, have equitable discretion to toll or waive a time limit, when the agencies have erroneously failed to meet the obligation to give notice of the time limit. He argues that the Board erroneously viewed his situation as presenting a conflict between statute and regulation, whereas the regulation merely implements the statute. He argues that the agency's failure to give the regulatory notice is tantamount to a statutory violation by the agency.

The Court has guided the interpretation of implementing regulations as carrying into effect the purpose of the statute. *See Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 213–14 (1976) ("The rulemaking power granted to an administrative agency charged with the administration of a federal statute is not the power to make law. Rather, it is the power to adopt regulations to carry into effect the will of Congress as expressed by the statute.") Thus Mr. Winchester argues that the notice requirement of 5 C.F.R. §831.1205(b)(1) must be met before OPM may bar the application as untimely under the statute. Mr. Winchester

cites *Johnston v. Office of Personnel Management*, 413 F.3d 1339 (Fed. Cir. 2005), for the proposition that a statutory filing deadline cannot be invoked until the employee is given notice of his right to file.

OPM responds that the statute provides only one exception to the time limit for filing, *viz.* mental incompetency, and precludes any exception based on agency error and lack of notice. Mr. Winchester states that in view of the agency's error, the Board and OPM may invoke their equitable power and correct the error. OPM states that it does not have such equitable power. In *Killup v. Office of Personnel Management*, 991 F.2d 1564 (Fed. Cir. 1993), this court held that OPM lacked the authority to consider an application by Ms. Killup to transfer from the Civil Service Retirement System to the Federal Employee's Retirement System because Ms. Killup's application was not submitted within the statutory filing window; however, it does not appear that any notice requirement was violated by OPM or the employing agency.

Neither *Killup*, nor the statute here involved, prohibits the Board and OPM from equitably correcting a governmental error that prejudiced the employee. *See Arctic Slope Native Ass'n, Ltd. v. Sebelius*, 583 F.3d 785, 798 (Fed. Cir. 2009) ("[W]e must assume that Congress intended equitable tolling to be available unless there is good reason to believe otherwise."). Here, the government admits that it failed to comply with the regulation and did not give the required notice. To determine if equitable tolling may be available, we take guidance from the analysis in *United States v. Brockamp*, 519 U.S. 347, 350 (1997), where the Court stated that some statutory time limits "can often [be] plausibly read as containing an implied 'equitable tolling' exception." To determine whether the statutory intent tolerates equitable tolling, it is appropriate to consider the statute's "detail,

its technical language, the iteration of the limitations in both procedural and substantive forms, and the explicit listing of exceptions." *Id.* at 351.

In *Young v. United States*, 535 U.S. 43, 49 (2002) the Court stated that "It is hornbook law that limitations periods are customarily subject to equitable tolling, unless tolling would be inconsistent with the text of the relevant statute." In *Kirkendall v. Department of Army*, 479 F.3d 830, 836–37 (Fed. Cir. 2007) (en banc) this court applied these principles to the untimely appeal of a veteran's USERRA claim, and authorized a hearing that had been denied. The analogy to disability claims is sufficiently close to support similar equitable treatment, for the purpose of the notice requirement is to assure that a medically separated employee is aware of possible disability retirement benefits.

Since the disability retirement statute explicitly authorizes tolling even when notice is given in cases of mental incompetency, tolling when notice is erroneously not given conforms to the general legislative purpose. It is noteworthy that 5 C.F.R. §844.202 requires OPM to file a disability retirement application on behalf of an employee if the employee is incapable of making a decision to file the application. These provisions relating to disability retirement reflect a Congressional posture more tolerant than the absolute bar here imposed by OPM. This posture is elucidated by comparing the disability retirement statute with the statute in *Brockamp*, where the Court held that the tax statute, which thrice reiterated the time limits for claiming a tax refund, showed that Congress clearly intended to bar tolling of the tax refund period. 519 U.S. at 351.

Unlike the tax statute, the disability retirement statute does not weigh against application of equitable tolling to

relieve a disabled employee when the government fails to meet its notice obligation. Analogy may be drawn to *Bowen v. City of New York,* 476 U.S. 467, 480 (1986) where the Court held that an untimely appeal from denial of Social Security benefits was suitable for equitable tolling because the government's actions prevented the claimants from learning of their claim. In contrast, in *Brockamp* the Court explained that the formalistic subject matter of tax law "is not normally characterized by case-specific exceptions reflecting individualized equities," 519 U.S. at 352, whereas in cases of individual hardship such as *Bowen* the Court has relieved the rigor. The disability retirement statute is more like that in *Bowen* than in *Brockamp*.

The agency is not barred from correcting its error of failing to meet the notice requirement, for the notice regulation is designed to protect the employee. We vacate the Board's decision, and remand for determination by the agency of whether equitable tolling applies to Mr. Winchester's application and, if so, to consider that application on its merits.

**VACATED AND REMANDED**