**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

CAMILLE M. CAESAR,

        Appellant,

        v.

OFFICE OF PERSONNEL
  MANAGEMENT,

        Agency.

DOCKET NUMBER
DC-844E-17-0486-I-1

DATE: April 27, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Camille M. Caesar, Washington, D.C., pro se.

Shawna Hopkins, Washington, D.C., for the agency.

**BEFORE**

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the final decision of the Office of Personnel Management (OPM) dismissing her application for disability retirement as untimely filed. Generally, we grant petitions such as this one only in the following circumstances: the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        Effective March 17, 2010, the appellant was removed from Federal service based on misconduct.[2]  Initial Appeal File (IAF), Tab 6 at 50.  On January 14, 2015, the appellant applied for disability retirement benefits under the Federal Employees' Retirement System (FERS).  *Id.* at 14.  By initial decision dated March 14, 2016, OPM dismissed the appellant's disability retirement application as untimely filed.  *Id.* at 14-15.  The appellant requested reconsideration of OPM's decision, and on April 3, 2017, OPM issued a reconsideration decision affirming its initial decision on the grounds that the appellant did not timely file her application and did not show a basis on which to waive the filing deadline. *Id.* at 4-5.

---

[2] Specifically, the Department of Commerce removed her from her position as a GS-15 Attorney Advisor based on the following charges:  (1) Causing the Alteration of an Official Document; (2) Lack of Candor; (3) Failure to Follow a Direct Order; and (4) Conduct Unbecoming a GS-15 Attorney Advisor.  IAF, Tab 6 at 50.

¶3    The appellant timely appealed OPM's reconsideration decision to the Board. IAF, Tab 1. Following a hearing, the administrative judge affirmed OPM's reconsideration decision. IAF, Tab 23, Initial Decision (ID). The administrative judge considered the appellant's argument that, because of her medical condition, the agency should have provided her notice of the possibility of applying for disability retirement. ID at 5-6. He found, however, that the appellant's medical condition did not cause the misconduct that formed the basis of her removal and thus the agency was under no regulatory or statutory obligation to provide her with such notice. ID at 7. As such, he found that the appellant filed her application almost 5 years after the statutory time limit expired. *Id.*

¶4    The appellant timely filed a petition for review in which she reasserts her argument that she was entitled to notice from her employing agency of her eligibility for disability retirement and that the agency's failure to provide her with such notice entitles her to equitable tolling of the time limit to file her application. Petition for Review (PFR) File, Tab 1 at 16-17. OPM has filed a response. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5    An application for disability retirement under FERS must be filed with an employee's employing agency before the employee separates from service or with the former employing agency or OPM within 1 year after the employee's separation. 5 U.S.C. § 8453; *King v. Office of Personnel Management*, 112 M.S.P.R. 522, ¶ 7 (2009); 5 C.F.R. § 844.201(a)(1). This 1-year time limit for filing a disability retirement application following an employee's separation from service may be waived if the employee is mentally incompetent at the date of separation or within 1 year thereafter and if the application is filed with OPM within 1 year from the date the employee is restored to competency or is appointed a fiduciary, whichever is earlier. *King*, 112 M.S.P.R. 522, ¶ 7; 5 C.F.R. § 844.201(a)(4). Pursuant to 5 C.F.R. § 844.202(b)(1), when an agency

removes an employee covered by FERS and "the removal is based on reasons apparently caused by a medical condition, the agency must advise the employee in writing of his or her possible eligibility for disability retirement and of the time limit for filing an application." The Board has held that the regulation requires the agency to act when it appears that the basis for the removal was caused by a medical condition, regardless of whether the removal was for disciplinary or other reasons. *King*, 112 M.S.P.R. 522, ¶ 13.

¶6 The appellant contends on review that she was entitled to notice of her possible eligibility for disability retirement, that her employing agency failed to give such notice, and that she is thus entitled to equitable tolling of the 1-year time limit for filing an application for disability retirement. PFR File, Tab 1 at 16-17. The appellant cites to *Winchester*, a nonprecedential U.S. Court of Appeals for the Federal Circuit decision, and *Johnson*, a nonprecedential Board decision, for the proposition that she is entitled to equitable tolling. *Id.* at 21-23; *see Winchester v. Office of Personnel Management*, 449 F. App'x 936, 938 (Fed. Cir. 2011)[3]; *Johnson v. Office of Personnel Management*, MSPB Docket No. CH-844E-14-0449-M-1, Remand Order (Sept. 2, 2016).

¶7 However, the administrative judge considered these two cases below and determined that they do not provide a basis for equitable tolling in the instant case. ID at 5. We agree. First, the administrative judge correctly noted that neither case constitutes binding precedent on the Board. *See Hamilton v. Brown*, 39 F.3d 1574, 1581 (Fed. Cir. 1994) (reminding counsel and lower courts that "nonprecedential opinions and orders . . . do not represent the considered view of the Federal Circuit regarding aspects of a particular case beyond the decision itself, and they are not intended to convey this court's view of law applicable in

---

[3] While the appellant in *Winchester* applied for disability retirement under the Civil Service Retirement System (CSRS), there is no substantive difference between the CSRS and FERS statutes or regulations as applicable to this appeal. *Compare* 5 U.S.C. § 8337(b), *with* 5 U.S.C. § 8453; *compare* 5 C.F.R. § 831.1205(b)(1), *with* 5 C.F.R. § 844.202(b)(1).

other cases"); 5 C.F.R. § 1201.117(c)(2) (explaining that nonprecedential orders are not binding and have no precedential authority); ID at 5.  Second, the administrative judge factually distinguished both cases from the instant appeal. ID at 5.  In those cases, the employing agency removed the appellants for reasons connected to their respective medical conditions.  ID at 5; *see Winchester*, 449 F. App'x at 937 (noting that the appellant was removed for reasons connected to his medical condition as extensively described in his removal notice); *Johnson v. Office of Personnel Management*, MSPB Docket No. CH-844E-14-0449-B-1, Initial Decision at 6 (Dec. 8, 2016) (finding that the agency had been provided information from the appellant's medical providers that the absences that caused the agency to charge the appellant with, and propose his removal for, absence without leave were due to a medical condition).

¶8        Here, in contrast, the administrative judge found that there was not a connection between the appellant's medical condition and the misconduct for which she was removed.  ID at 5.  The appellant alleges that the administrative judge erred in not referencing the medical evidence in the initial decision that she submitted below.  PFR File, Tab 1 at 4, 18.  However, the administrative judge acknowledged that the appellant provided a "great deal of documentary evidence regarding her medical condition."  ID at 5.  Moreover, an administrative judge's failure to mention all of the evidence of record does not mean that he did not consider it in reaching his decision.  *Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table).  Accordingly, the appellant has provided no reason for disturbing the administrative judge's well-reasoned finding that there was not a connection between the appellant's medical condition and her removal.  ID at 5.

¶9        The appellant also alleges that the administrative judge incorrectly found that, under 5 C.F.R. § 844.202(b)(1), she must show that she has a medical condition that served as a successful defense to her misconduct in an administrative hearing to be entitled to notice of eligibility for disability

retirement. PFR File, Tab 1 at 4. The administrative judge did not make any such finding. Rather, the administrative judge referenced the appellant's prior removal appeal to note that nothing in that appeal indicated that her medical condition caused the misconduct and that, while she had a disability discrimination claim, she did not argue that her condition caused the misconduct. ID at 5-6. Thus, contrary to the appellant's assertions, he did not find that section 844.202(b)(1) requires a successful disability discrimination defense to a misconduct charge. PFR File, Tab 1 at 22; ID at 5-6.

¶10    The administrative judge correctly noted that, because the appellant's removal was not based on reasons apparently caused by a medical condition, the employing agency was not required to provide her with notice of her potential eligibility for disability retirement and equitable principles need not be invoked to determine whether waiver of the statutory time limit is appropriate. ID at 6-7. Thus, OPM properly dismissed the appellant's application for disability retirement as untimely filed. Accordingly, we affirm the administrative judge's initial decision.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                         /s/ for
                                       _____
                                       Jennifer Everling
                                       Acting Clerk of the Board
Washington, D.C.