# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JACQUELYN R. BROOKS,
                  Appellant,

        v.

OFFICE OF PERSONNEL
    MANAGEMENT,
                  Agency.

DOCKET NUMBER
CH-831E-17-0030-I-1

DATE: May 27, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jacquelyn R. Brooks, Indianapolis, Indiana, pro se.

Carl E. Hobbs, II, Washington, D.C., for the agency.

## BEFORE

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the final decision of the Office of Personnel Management (OPM) dismissing her application for disability retirement as untimely filed. Generally, we grant petitions such as this one only in the following circumstances: the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision as MODIFIED to find that the appellant received sufficient notice of her possible eligibility for disability retirement.

## BACKGROUND

¶2        In October 2010, the appellant's employing agency, the Defense Finance and Accounting Service, removed her from her position as an accountant for absence without official leave (AWOL).  Initial Appeal File (IAF), Tab 4 at 46, 100-02.  The appellant filed a Board appeal of the removal, and in a decision dated March 23, 2012, the Board affirmed an administrative judge's initial decision sustaining the removal.  *Brooks v. Department of Defense*, MSPB Docket No. CH-0752-11-0119-I-1, Final Order (Mar. 23, 2012).  On October 5, 2015, the appellant applied for disability retirement benefits under the Civil Service Retirement System (CSRS).  IAF, Tab 4 at 145-48, Tab 12 at 3.  By initial decision dated April 20, 2016, OPM dismissed the appellant's disability retirement application as untimely filed.  IAF, Tab 4 at 7-8.  The appellant requested reconsideration of OPM's decision, and on August 30, 2016, OPM issued a reconsideration decision affirming its initial decision because the

appellant did not timely file her application and did not show a basis on which to waive the filing deadline. *Id.* at 4-6.

¶3 The appellant timely appealed OPM's reconsideration decision to the Board and requested a hearing. IAF, Tab 1, Tab 7 at 1. Following a hearing, the administrative judge issued an initial decision that affirmed OPM's reconsideration decision. IAF, Tab 15, Initial Decision (ID). The administrative judge found that the appellant did not show that she became mentally incompetent within 1 year of her separation from employment such as would warrant a waiver of the time limit to file an application for disability retirement. ID at 5-7. She further found that the appellant did not show that her former employing agency committed harmful procedural error in failing to notify OPM that she was disabled or file an application for disability retirement on her behalf at the time of her separation, as she was not removed because of her medical condition. ID at 7-8. The administrative judge also found that the appellant did not show that the employing agency erred in failing to notify her of her eligibility to apply for disability retirement, as lack of notice was not a basis on which to waive the time to file an application for disability retirement. ID at 8-9.

¶4 The appellant has filed a petition for review in which she argues that the employing agency's failure to notify her of her eligibility for disability retirement entitles her to equitable tolling of the time limit to file an application for disability retirement, and that the *Bruner* presumption should apply such that she is eligible for disability retirement benefits.[2] Petition for Review (PFR) File, Tab 1 at 3-9. OPM has not filed a response.

### DISCUSSION OF ARGUMENTS ON REVIEW

¶5 An application for disability retirement under the CSRS must be filed with an employee's employing agency before the employee separates from service or

---

[2] The appellant appears to refer to *Bruner v. Office of Personnel Management*, 996 F.2d 290 (Fed. Cir. 1993), as discussed in further detail below.

with the former employing agency or with OPM within 1 year after the employee's separation. 5 U.S.C. § 8337(b); 5 C.F.R. § 831.1204(a). This 1-year time limit for filing a disability retirement application following an employee's separation from service may be waived if the employee is mentally incompetent at the date of separation or within 1 year thereafter and if the application is filed with OPM within 1 year from the date the employee is restored to competency or is appointed a fiduciary, whichever is earlier. *King v. Office of Personnel Management*, 112 M.S.P.R. 522, ¶ 7 (2009); 5 C.F.R. § 831.1204(d). On review, the appellant does not challenge the administrative judge's finding that she did not show that she was mentally incompetent at the date of separation or within 1 year thereafter, and we discern no reason to disturb this finding. ID at 5-7; *see Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on the issue of credibility); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶6        Rather, the appellant contests the administrative judge's finding that her employing agency's failure to inform her of possible eligibility for disability retirement at the time of her removal did not provide a basis for waiving the statutory deadline to apply for disability retirement. PFR File, Tab 1 at 6-9; ID at 7-9. In support of her argument, the appellant cites the decision of the U.S. Court of Appeals for the Federal Circuit in *Johnston v. Office of Personnel Management*, 413 F.3d 1339, 1342-43, *revised on recons.*, 430 F.3d 1376 (Fed. Cir. 2005),[3] which indicated that equitable tolling of the 1-year time limit for filing an application for disability retirement may be available when the agency

---

[3] On reconsideration, the Federal Circuit modified its opinion to reflect that the duty to notify the appellant of his separation and eligibility for disability retirement belonged primarily to the agency that employed him, rather than OPM. *Johnston*, 430 F.3d at 1376-77.

fails to notify an employee of her potential eligibility for disability retirement benefits. PFR File, Tab 1 at 8; *see also Winchester v. Office of Personnel Management*, 449 F. App'x 936, 938-39 (Fed. Cir. 2011) (nonprecedential) (stating that the Board is not barred from equitably correcting a lack of notice of potential eligibility for disability retirement).[4]

¶7    However, we need not rely upon the Federal Circuit's decision because the appellant in this case received adequate notice of her potential eligibility for disability retirement benefits. Under the CSRS, when an agency issues a decision to remove an employee and not all of the conditions for an agency to file an application for disability retirement on behalf of an employee are satisfied, but the removal is based on reasons "apparently caused by a medical condition," the agency must advise the employee in writing of her possible eligibility for disability retirement. 5 C.F.R. § 831.1205(b)(1). Here, although the appellant was removed for AWOL, the agency official sustaining the appellant's removal discussed in his decision the appellant's medical condition in connection with her request for reasonable accommodation, concluding that while her absences "may be medically justified," the appellant could not be accommodated and did not dispute the charge of AWOL. IAF, Tab 4 at 100-02. The removal decision further notified the appellant that, "If you believe your health condition continues to prevent you from returning to duty, you may wish to explore the option of disability retirement," and provided her with the contact information for human resources staff should she wish to do so. *Id.* at 102. Such notice was sufficient to meet the requirements of 5 C.F.R. § 831.1205(b)(1).[5] Thus, OPM properly dismissed the appellant's application for disability retirement as untimely filed.[6]

---

[4] The Board may follow a nonprecedential decision of the Federal Circuit when, as here, it finds its reasoning persuasive. *Morris v. Department of the Navy*, 123 M.S.P.R. 662, ¶ 13 n.9 (2016).

[5] The parallel regulation applicable to disability retirement under Federal Employees Retirement System further requires the agency to provide notice of the time limit for filing an application for disability retirement; however, under the regulation applicable

¶8        The appellant did not raise before the administrative judge the argument that *Bruner v. Office of Personnel Management*, [996 F.2d 290](#), 293-94 (Fed. Cir. 1993), which provides that a rebuttable presumption of entitlement to a disability retirement arises if the employee is removed for physical inability to perform the essential functions of her position, assuming she is otherwise qualified, applies here.  Accordingly, we do not consider it on review.  *See Banks v. Department of the Air Force*, [4 M.S.P.R. 268](#), 271 (1980) (stating that the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence).  Moreover, because the appellant's application for disability retirement was untimely, we do not reach the merits of her application for disability retirement and thus do not reach the issue of whether the rebuttable presumption set forth in *Bruner* applies here.  *Cf. Kleinknecht v. Office of Personnel Management*, [96 M.S.P.R. 198](#), ¶¶ 7-9 (2004) (finding that the appellant's letter constituted a timely application for disability retirement and remanding the matter for a determination of the appellant's entitlement to disability retirement).  Accordingly, we affirm the administrative judge's initial decision, as modified by this Final Order.

---

to the CSRS, no notice of the time limit for filing is required.  *Compare* [5 C.F.R. § 831.1205](#)(b)(1), *with* [5 C.F.R. § 844.202](#)(b)(1).

[6] We also agree with the administrative judge that the employing agency was not required to submit an application for disability retirement on the appellant's behalf.  ID at 7-8.  At a minimum, there is no indication that the appellant was institutionalized or incapable of making a decision to file an application for disability retirement at the time of her removal.  *See* [5 C.F.R. § 831.1205](#)(a)(3) (requiring that the employee be institutionalized or that the agency conclude that the employee is incapable of making a decision to file an application for disability retirement before an agency must file a disability retirement application on an employee's behalf).

**NOTICE OF APPEAL RIGHTS**[7]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                     /s/ for
_____
                                   Jennifer Everling
                                   Acting Clerk of the Board

Washington, D.C.