## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| KHALIL I. DAOUD,<br>         Appellant, | DOCKET NUMBER<br>SF-844E-21-0314-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>  MANAGEMENT,<br>         Agency. | DATE: February 29, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Leah Bachmeyer Kille, Esquire, Lexington, Kentucky, for the appellant.

Linnette L. Scott, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) dismissing his application for disability retirement under the Federal Employees' Retirement System as untimely filed. On petition for review, the appellant argues that OPM did not have the legal authority to rescind a prior

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

initial decision on the merits of his application and that the decisions upon which the administrative judge relied to support the finding that his separation date was the effective date stated in the removal decision are inapplicable or otherwise not binding. The appellant also argues that the administrative judge erred in finding that he was not entitled to equitable tolling and waiver of the 1-year filing deadline. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.[2] 5 C.F.R. § 1201.113(b).

On review, the appellant argues that 5 C.F.R. § 844.203(c)(2) limits OPM's authority to rescind its November 25, 2018 initial decision, which found that he did not meet the criteria for entitlement to disability retirement benefits, and issue a new decision finding his application untimely filed. We have reviewed the regulation and agree with the administrative judge that it does not prohibit OPM's actions. Initial Appeal File (IAF), Tab 23, Initial Decision (ID) at 7. The appellant has not cited a regulation that precludes OPM from rescinding an initial decision under the facts of this case, and we are unaware of one. We also agree

---

[2] The appellant's appeal of his removal, *Daoud v. U.S. Postal Service*, MSPB Docket No. SF-0752-18-0378-I-1, was addressed in a separate decision.

with the administrative judge that, while the U.S. Postal Service retains employees on its rolls after they have been removed, the removal is effective on the date set in the decision notice and the timeliness of a subsequent act by the appellant is determined from the effective date.[3]  ID at 5-6; *see Hopkins v. U.S. Postal Service,* 108 M.S.P.R. 25, ¶ 9 (2008); *McNeil v. U.S. Postal Service,* 98 M.S.P.R. 18, ¶ 9 (2004).  Thus, the administrative judge properly found that the appellant's disability retirement application was untimely filed.[4]  Finally, regarding the appellant's argument about equitable tolling, neither the Board nor its reviewing court in cases such as this has addressed, in a precedential decision, whether the doctrine of equitable tolling can apply to the untimely filing of a disability retirement application.[5]  *See Winchester v. Office of Personnel Management*, 449 F. App'x 936, 938-39 (Fed. Cir. 2011); *Caesar v. Office of Personnel Management*, MSPB Docket No. DC-844E-17-0486-I-1, Final Order (Apr. 27, 2022); *Johnson v. Office of Personnel Management*, MSPB Docket No. CH-844E-14-0449-I-1, Final Order (Apr. 24, 2015).  We need not resolve

---

[3] The appellant's application for disability retirement was received by OPM on August 14, 2020, more than 1 year after his separation from Federal service on March 9, 2018; thus, his application was untimely filed.  The administrative judge considered the date of the appellant's filing to be August 8, 2020 (the date he submitted his application) rather than August 14, 2020 (the date OPM received his application).  IAF, Tab 7 at 121; ID at 6.  The administrative judge's error did not prejudice the appellant because he correctly determined that the appellant's application was untimely filed.  *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (stating that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

[4] We recognize that the Board has not addressed in a precedential decision whether the reasoning set forth in *Hopkins* and *McNeil* applies to a retirement appeal such as the instant case.  The Board has addressed that issue in a nonprecedential decision, *Childs v. Office of Personnel Management*, MSPB Docket No. CH-831E-13-0002-I-2, Final Order, ¶ 6 (Jan. 12, 2015), but such decisions are not binding precedent, 5 C.F.R. § 1201.117(c)(2).  Although the decision in *Childs* does not constitute binding precedent, like the administrative judge, we agree with the Board's reasoning in that case and discern no error in the administrative judge adopting the reasoning.  ID at 5-6.

[5] We have considered the appellant's argument that the filing deadline should be waived, but agree with the administrative judge's reasoning.  ID at 7-10.

that question in this appeal because, if the doctrine could apply, we agree with the administrative judge that the appellant failed to show that it should be applied under the circumstances of this appeal. ID at 10-12; *see Heimberger v. Department of Commerce,* 121 M.S.P.R. 10, ¶ 10 n.2 (2014).

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b) (9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:              *Gina K. Grippando*
                              _____
                                Gina K. Grippando
                                Clerk of the Board

Washington, D.C.