**Maxine Starr HARRIS, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT,
Respondent.**

**No. 89–3147.**

United States Court of Appeals,
Federal Circuit.

Oct. 13, 1989.

**122**

Michael J. Kator, Kator, Scott & Heller, Chartered, Washington, D.C., argued for petitioner.

Donald E. Kinner, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued for respondent. With him on the brief were Stuart E. Schiffer, Acting Asst.

* Mr. Harris, a retired federal employee, died on August 2, 1987. Mrs. Harris was substituted by

Atty. Gen., David M. Cohen, Director and Thomas W. Peterson, Asst. Director. Also on the brief were James M. Strock, General Counsel, Thomas F. Moyer, Asst. General Counsel and Jill Gerstenfield, Office of General Counsel, Office of Personnel Management, of counsel.

Before MARKEY, Chief Judge, COWEN, Senior Circuit Judge, and MICHEL, Circuit Judge.

MARKEY, Chief Judge.

Maxine Starr Harris (Mrs. Harris) appeals a decision of the Merit Systems Protection Board (Board), 39 M.S.P.R. 293 (1988), denying the election of a survivor annuity by Arthur Harris (Mr. Harris).* We affirm-in-part, reverse-in-part and remand.

## BACKGROUND

Mr. Harris retired from federal employment in 1965, electing a reduced retirement annuity to provide a survivor annuity for his first spouse, who died October, 1984. At that time, Mr. Harris did not notify the Office of Personnel Management (OPM) of her death. He continued to receive a reduced annuity. On April 25, 1985, Mr. Harris married appellant, but did not then notify OPM of his remarriage.

In February, 1987, Mr. Harris wrote OPM of his intent to elect a survivor annuity for Mrs. Harris. OPM received the letter on February 21, 1987, almost twenty-two months after his remarriage. On March 4, 1987, OPM requested a copy of his first wife's death certificate and the certificate of his marriage to Mrs. Harris. OPM's letter said an election of survivor benefits could be made within two years of remarriage. In a June 1, 1987 notice of Mr. Harris' increased annuity adjustment based on the death of his first wife, OPM again said the election period was two years.

Current law does provide for a two-year election period. 5 U.S.C. § 8339(j)(1)

the administrative judge for purpose of appeal pursuant to 5 C.F.R. § 1201.35 (1988).

(1988). However, the law applicable to Mrs. Harris' April 25, 1985 marriage, because it was performed before May 7, 1985, required election within one year. 5 U.S.C. § 8339(j)(1) (1982). Accordingly, on June 3, 1987 OPM denied Mr. Harris' election request because it had not been filed within one year of his remarriage.

Mr. Harris sought reconsideration, saying he had sent OPM, in the "summer of 1985", a notice of election and a copy of his certificate of marriage to Mrs. Harris. Mr. Harris also asked his congressman whether Mrs. Harris would be eligible for benefits if Mr. Harris divorced and remarried her. Mr. Harris died on August 2, 1987. In its reconsideration decision of September 4, 1987, OPM denied receipt of the alleged "summer of 1985" election and repeated its denial of Mr. Harris' election. Apparently unaware of Mr. Harris' death and having apparently heard from his congressman, OPM advised that divorce, remarriage, and election within one year would render Mrs. Harris eligible for survivor benefits.

Since 1978, OPM has been required to send annual notices to annuitants informing them of election rights. 5 U.S.C. § 8339 note, Pub.L. No. 95–317, § 3, 92 Stat. 382 (1982), as amended by 1978 Reorg.Plan No. 2 § 102, 43 F.R. 36037, 92 Stat. 3783 (1988). Alleging OPM failed to notify Mr. Harris of his election rights, Mrs. Harris appealed the September, 1987 denial of OPM. An administrative judge (AJ) affirmed. At the hearing, Mrs. Harris testified she gathered the mail because Mr. Harris was incapacitated and that she could find no notice from OPM in 1986, i.e. within one year of the remarriage, though she found notices issued March and December, 1984 and January, 1987. OPM submitted documentary evidence including an affidavit that it sent annual notices from 1978 through 1986.

The AJ stated:

Her [Mrs. Harris'] statement that she could not find a notice for January 1986 is not sufficient to rebut evidence submitted by OPM. I find that Mr. Harris had notice, both before and after his marriage to the appellant, of the change in the law and the 1–year limitation for filing an election.

Having found that Mr. Harris had actual notice of the election period, the AJ concluded that no basis for an exception to or waiver of the one-year election limit had been shown.

The Board affirmed the AJ's decision. It rejected Mrs. Harris' argument that OPM was estopped by its incorrect statements that the time limit was two years and its failure to notify Mr. Harris of the divorce-and-remarry route to benefits before his death. Regarding notice, the Board modified the AJ's assessment of the evidence:

OPM's affidavit constitutes probative evidence which, if unrebutted, proves that OPM provided Mr. Harris with timely annual notice of his election right.... However, she [Mrs. Harris] provided uncontroverted testimony that Mr. Harris did not receive OPM's general notice issued during their marriage, in January 1986. The appellant's testimony, *if credible*, is sufficient to overcome the presumption arising from OPM's affidavit that OPM's January 1986 notice was received by Mr. Harris.

39 M.S.P.R. at 300–01 (citation and footnote omitted, emphasis added).

Declining a decision on Mrs. Harris' credibility, and thus on whether she had overcome the presumption arising from OPM's affidavit, the Board based its affirmance on its finding that Mr. Harris had actual notice, i.e., that he was aware of the one-year election period. Thus, the Board determined that regardless of whether OPM sent notice in 1986, the time limit could not be waived where the annuitant was aware of that limit. 39 M.S.P.R. at 301 (citing *Flood v. Office of Personnel Management*, 33 M.S.P.R. 508, 511 (1987)).

## ISSUES

1. Whether the Board's finding that OPM is not estopped is supported by substantial evidence, and

2. Whether an annuitant's actual awareness of the one-year time limit is sufficient basis for a denial of survivor

benefits, without regard to whether OPM satisfied the statutory requirement of annual notice.

## OPINION

### 1. Estoppel

We agree with the Board that Mrs. Harris failed to establish that OPM's actions amounted to prejudicial conduct. *See Heckler v. Community Health Servs.*, 467 U.S. 51, 61, 104 S.Ct. 2218, 2224, 81 L.Ed.2d 42 (1983) (private party cannot prevail against the Government without at least demonstrating that the traditional elements of estoppel are present). As the Board stated, OPM's statements about a two-year limit were made nine months *after* the one-year period had expired and could not, therefore, have prejudiced Mr. Harris' right and ability to make an election *within* the one-year limit. Similarly, OPM's response to Mr. Harris' congressionally directed inquiry on the divorce-and-remarry route to benefits was made within a reasonable time (two months). OPM is under no statutory obligation to supply such divorce-and-remarry advice on its own initiative. That Mr. Harris' death precluded Mrs. Harris and him from taking advantage of the advice was unfortunate; it was not the fault of OPM.

### 2. Waiver

Mrs. Harris argues here that when the required annual notice is not received from OPM, the statutory one year time limit is waived and replaced by an election period measured by due diligence.

We look first, as we must, to the language of the relevant part of the statute: "The Director of the Office of Personnel Management *shall,* on an annual basis, inform each annuitant of such annuitant's rights of election under sections 8339(j) and 8339(k)(2) of title 5, United States Code." 5 U.S.C. § 8339 note, Pub.L. No. 95–317, 92 Stat. 382 (1988) (emphasis added). The plain meaning of that statutory language is that annual notice from OPM is mandatory. Hence a holding that actual awareness on the part of the annuitant is alone sufficient would conflict with the Congressional intent explicitly set forth in the statute.

Moreover, this court has held that the statute requires annual notice from OPM. *Darsigny v. Office of Personnel Management,* 787 F.2d 1555, 1559 (Fed.Cir.1986) (approving *Davies v. Office of Personnel Management,* 5 MSPB 251, 5 M.S.P.R. 199, 203 (1987) ("annual actual" notice is required)). The need for notice from OPM has been recognized in relation to retired Air Force members' widows. *See Kelly v. United States,* 826 F.2d 1049, 1052–53 (Fed.Cir.1987) (ignoring the 10 U.S.C. § 1448 requirement to provide notice from OPM to annuitants' widows would make the provision useless, inexplicable, inoperative, void, insignificant, meaningless, and superfluous). Accordingly, we hold that annual notice from OPM is required and actual awareness on the part of the annuitant is alone insufficient.

On remand, the Board must determine whether it will credit Mrs. Harris' testimony and, if it does, whether that testimony overcomes the presumption that OPM's January, 1986 notice was received.

## CONCLUSION

We affirm the part of the Board's decision respecting estoppel, reverse the part respecting annuitant awareness and annual notice from OPM, and remand with directions to decide the case in a manner consistent with this opinion.

## COSTS

Each party shall bear its own costs.

AFFIRMED–IN–PART, REVERSED–IN–PART, and REMANDED.