925 F.2d 1478
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Veda M. CARTWRIGHT, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 90-3280.
 United States Court of Appeals, Federal Circuit.
 Jan. 7, 1991.
 
 Before RICH, PAULINE NEWMAN, and PLAGER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Petitioner appeals from the October 6, 1989 Initial Decision of the Administrative Judge (AJ), Docket No. SE08318910553, which became the final decision of the Merit Systems Protection Board (MSPB) when the MSPB declined review on February 27, 1990. We affirm.
 
 OPINION
 
 2
 The parties do not dispute that petitioner's deceased husband (decedent), who retired from the Civil Service in 1972, failed to elect to provide a survivor annuity for petitioner within one year from their August 4, 1984 marriage, as required by 5 USC 8339.[1] The issue presented here is whether respondent provided decedent with adequate notice of the one-year election requirement. Petitioner urges that this case is controlled by Harris v. Office of Personnel Management, 888 F.2d 121 (Fed.Cir.1988), in which we remanded for a determination of the credibility of a petitioner's testimony, after holding that annual notice of survivor benefit election rights is required, and that actual awareness on the part of the annuitant is alone insufficient. Id. at 124.
 
 
 3
 Such a remand is not necessary here. The AJ found that the decedent was notified of the one-year filing requirement prior to expiration of the applicable one-year period ending August, 1985. In response to petitioner's assertion that she and the decedent received only one notice of the one-year filing requirement, in January, 1986, respondent submitted an affidavit of its Treasury Liaison Officer, Nelson T. Henderson. Mr. Henderson stated therein that all of respondent's mailing lists were generated by a computer, and that proper notice of survivor elections was sent to all annuitants in October 1978, January 1980, August 1981, April 1982, March 1983, March 1984, December 1984, and January 1986. With respect to petitioner's testimony, the AJ found that while it seemed credible on its face, it lacked the specificity and detail necessary to rebut Mr. Henderson's affidavit. For example, petitioner failed to offer an explanation for the delay between decedent's admitted receipt of the January 1986 notice and his first letter to respondent sent in April 1988.
 
 
 4
 On the basis of Mr. Henderson's affidavit, and petitioner's failure to effectively rebut it, the AJ found it more probable than not that notice of the one-year filing requirement was given, at least from October 1978 through 1984. See Darsigny v. Office of Personnel Management, 787 F.2d 1555, 1559 (Fed.Cir.1986) (affidavit of treasury liaison officer, swearing that employee's name and address were in OPM's computer database, and that all specified retirees listed in database were mailed notices regarding survivor annuity election, made it more probable than not that notice was given). Moreover, the AJ found that respondent's notices were sufficient to put a person on notice of the necessity to make a new survivor annuity election within one year of remarriage.
 
 
 5
 The governing statute here, as well as the numerous notices sent to decedent, clearly specify that the survivor annuity election must be made within one year of a retiree's remarriage. The AJ found that decedent had proper notice of this requirement, yet failed to make a timely election. Finding no grounds under 5 USC 7703(c) for setting aside respondent's denial of a survivor annuity, we accordingly affirm the MSPB's decision.
 
 
 
 [1]
 5 USC 8339(j)(1) (1982), in effect at the time of decedent's remarriage to petitioner, provided that
 [u]pon remarriage the retired employee or Member may irrevocably elect during such marriage, in a signed writing received in the Office within 1 year after such remarriage, a reduction in his annuity for the purpose of allowing an annuity for his spouse in the event such spouse survives him.
 (Emphasis added). Section 8339(j) has since been amended to allow the election within two years of remarriage, but that amendment applies only to marriages occurring on or after May 7, 1985. See 5 USCA 8339(j)(5)(C)(1) (West Supp.1990); Harris v. Office of Personnel Management, 888 F.2d 121, 123 (Fed.Cir.1989).