**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| OLDANIS W. DISOTUAR,<br>　　　　　Appellant, | DOCKET NUMBER<br>AT-844E-21-0126-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>　MANAGEMENT,<br>　　　　　Agency. | DATE:  May 3, 2024 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Wayne Johnson, Esquire, Winter Park, Florida, for the appellant.

Linnette L. Scott, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed the final decision of the Office of Personnel Management (OPM), dismissing his application for disability retirement under the Federal Employees' Retirement System (FERS) as untimely filed.  For the reasons set forth below, we GRANT the appellant's petition for review, REVERSE the initial decision, and

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

REMAND the case to OPM for further adjudication consistent with this Remand Order.

## BACKGROUND

The appellant was employed by the Bureau of Prisons as a Correctional Officer. Initial Appeal File (IAF), Tab 6 at 34. After 10 months of being physically unable to perform his duties due to permanent medical restrictions for which full recovery was not expected, the appellant's attorney informed the Bureau of Prisons that the appellant "ha[d] applied for medical retirement." *Id.* at 48-50, 58-59.[2] Two weeks later, the agency issued a letter of proposed removal due to his physical inability to perform the duties of his position. *Id.* at 22-24. The agency issued a removal decision on November 29, 2017, effective the next day. *Id.* at 31-33. Neither letter informed him of his possible eligibility for disability retirement or of the 1-year deadline to file the necessary application. *Id.* at 22-24, 31-33. However, the removal decision noted that the agency had ceased its reasonable accommodation efforts when the appellant, through his attorney, indicated he was "not interested in reasonable accommodation," and "[h]ad applied for medical retirement." *Id.* at 32, 58. In February 2018, the appellant requested, and appears to have received, a refund of his retirement contributions. *Id.* at 156, 168-74.

Over 1.5 years after his removal, in July 2019, the appellant applied for disability retirement under FERS. *Id.* at 4, 125. OPM issued a reconsideration decision dismissing the appellant's application because he applied after the statutory 1-year time limit lapsed and failed to assert that mental incompetence caused his delay. IAF, Tab 6 at 4-5, 97-98.

The appellant filed this appeal alleging that OPM wrongly dismissed his application. IAF, Tab 1 at 4. He argued that he was not late because his

---

[2] During the hearing, the appellant clarified that he and his attorney completed the forms and that he was awaiting a removal decision from the agency prior to filing. IAF, Tab 16, Hearing Recording (testimony of the appellant).

employing agency did not inform his attorney of his separation. IAF, Tab 15 at 6. He further argued that he was entitled to equitable tolling because the separation letter did not advise him of his right to file a disability retirement application, as required by 5 C.F.R. § 844.202(b)(1). IAF, Tab 1 at 4, Tab 15 at 5-6. The administrative judge granted the appellant's hearing request on the issue of whether OPM properly denied his application for disability retirement as untimely filed. IAF, Tab 1 at 2, Tab 10 at 2-3. At the hearing, the appellant testified that he received the August 30, 2017 letter of proposed termination but he did not recall whether he received the November 29, 2017 removal decision, and he did not learn about his removal until December 2017, when the agency asked him to turn in his equipment. IAF, Tab 16, Hearing Recording (HR) (testimony of the appellant).

After the hearing, the administrative judge issued an initial decision affirming OPM's dismissal. IAF, Tab 17, Initial Decision (ID) at 2, 7. She reasoned that an agency's failure to inform an employee of his potential disability retirement option was not a basis to equitably toll the statutory 1-year filing deadline required by 5 U.S.C. § 8453. ID at 5-6.

The appellant has timely filed a petition for review of the initial decision, to which the agency has responded. Petition for Review (PFR) File, Tabs 1, 3. In his petition for review, the appellant reiterates verbatim the arguments he made below. PFR File, Tab 1 at 5-6; IAF, Tab 15 at 5-6.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>We agree with the administrative judge, as modified, that the appellant's application for disability retirement was untimely.</u>

The appellant appears to argue that his July 26, 2019 application for disability retirement was not untimely because the agency did not send a copy of the November 29, 2017 removal decision to his attorney. PFR File, Tab 1 at 4, 6. Although the administrative judge found that the appellant filed his application more than 1.5 years after he was separated from service, she did not address his

argument that the agency notice was insufficient to trigger the 1-year deadline. ID at 3-4. We modify the initial decision to address this argument, still finding the appellant untimely.

Applications for disability retirement must be filed with OPM "before the employee . . . is separated from the service or within 1 year thereafter." 5 U.S.C. § 8453. In interpreting the identical language at 5 U.S.C. § 8337(b), applicable to Civil Service Retirement System (CSRS) disability retirement applications, the U.S. Court of Appeals for the Federal Circuit has held that the 1-year filing period does not begin to run until the employing agency notifies the employee he has been terminated. *Johnston v. Office of Personnel Management*, 413 F.3d 1339, 1341-42 (Fed. Cir.), *as modified on recons. on technical grounds per curiam*, 430 F.3d 1376 (Fed. Cir. 2005).

At the hearing, the appellant admitted that he received a notice of proposed removal due to his physical inability to perform the duties of his position. HR (testimony of the appellant); IAF, Tab 6 at 22-24. Although he did not remember if he received the final decision letter, he testified that he learned of his removal the next month when the agency told him to turn in his equipment. HR (testimony of the appellant).[3] Regardless of the lack of specific recollection that he received the removal decision, the appellant is presumed to have received it within 5 days. *Cabarloc v. Department of Veterans Affairs*, 110 M.S.P.R. 695, ¶ 7 (2009); 5 C.F.R. §§ 1201.4(i), (*l*), 1201.22(b)(3). An appellant cannot leave matters entirely in the hands of his representative. *See Jones v. Office of Personnel Management*, 93 M.S.P.R. 50, ¶ 5 (2002). Thus, by December 2017, the appellant is presumed to have received the removal decision, triggering the 1-year filing deadline. His July 2019 application was therefore untimely by 7 months.

---

[3] The agency sent both letters to the same address, at which the appellant said he resided during all of 2017 and received other communications from the agency during the same time period. IAF, Tab 6 at 22-24, 31-33.

<u>We waive the deadline due to the employing agency's failure to provide notice as required by 5 C.F.R. § 844.202(b)(1).</u>

The appellant reiterates his argument on appeal that he is entitled to equitable tolling of the 1-year deadline because the agency's removal notice did not comply with regulatory requirements. Specifically, he argues that it failed to inform him of his possible eligibility for disability retirement or the time limit for filing an application. PFR File, Tab 1 at 4-6; IAF, Tab 15 at 5-6. We reverse the administrative judge's finding that equitable tolling of the statutory filing deadline is unavailable under these circumstances. ID at 5-6.

Section 844.202(b)(1) of Title 5 of the Code of Federal Regulations states that an agency removing an employee apparently based on his medical inability to perform in his position "must advise the employee in writing of his or her possible eligibility for disability retirement and of the time limit for filing an application." The Federal Circuit has held that the 1-year filing deadline required by 5 U.S.C. § 8453 can be waived when the agency fails to provide these details. *See, e.g.*, *Johnson v. Office of Personnel Management*, No. 2015-3175, slip op. at 3-4 (Fed. Cir. May 24, 2016) (concluding that the failure to provide notice under 5 C.F.R. § 844.202(b)(1) could require waiver of the 1-year filing deadline); *Winchester v. Office of Personnel Management*, 449 F. App'x 936, 937-39 (Fed. Cir. 2011) (finding failure to provide regulatory notice under 5 C.F.R. § 831.1205(b)(1), the regulatory equivalent of 5 C.F.R. § 844.202(b)(1) applicable to disability retirement applications submitted under CSRS, could serve as a basis to equitably toll the filing deadline). Following the Federal Circuit's remand of *Johnson* to the Board, the Board in turn remanded the case to the regional office to determine if notice was required under the regulation, i.e., if the employee's removal was "apparently caused by a medical condition." *Johnson v. Office of Personnel Management*, MSPB Docket No. CH-844E-14-0449-M-1, Remand Order, ¶ 4 n.2, ¶¶ 6-7 (Sept. 2, 2016) (quoting 5 C.F.R. § 844.202(b)(1)). Although we are not bound by the Federal Circuit's

nonprecedential decisions, we find these decisions persuasive in the instant case. *See Special Counsel v. Coffman,* 124 M.S.P.R. 130, ¶ 56 n.10 (2017) (explaining that the Board may rely on unpublished decisions of the Federal Circuit if it finds the court's reasoning persuasive).

The appellant's employing agency proposed his removal, and ultimately removed him, for physical inability to perform the duties of his position due to his lumbar disc disease and nerve root entrapment condition, medical disabilities for which recovery was not expected. IAF, Tab 6 at 22-24, 31-32. Thus, his removal was apparently based on his medical inability to perform his duties, and his employing agency was required to advise him of his possible eligibility for disability retirement and the time limit for filing an application. 5 C.F.R. § 844.202(b)(1). It is undisputed that the agency failed to do so. IAF, Tab 6 at 22-24, 31-33. Although the notice of removal notified the appellant of his right to file a grievance or pursue other administrative complaints and appeals, it was silent as to disability retirement. *Id.* at 32-33. Because the employing agency failed to fulfill its notice requirements under 5 C.F.R. § 844.202(b)(1), we find the appellant's 1-year deadline to file his disability retirement application should have been waived.[4]

The record suggests that the appellant received a refund of his retirement contributions. IAF, Tab 6 at 156. A refund of an employee's FERS retirement contributions generally voids all FERS annuity rights. 5 U.S.C. § 8424(a); *Pagum v. Office of Personnel Management*, 66 M.S.P.R. 599, 601 (1995). We

---

[4] Although the appellant may have been aware of his possible entitlement to disability retirement, his "actual awareness" of his rights does not release the agency from its obligation to notify him of his possible entitlement and the deadline by which he must submit an application. *See Harris v. Office of Personnel Management*, 888 F.2d 121, 122-23, 124 (Fed. Cir. 1989) (finding that an annuitant's actual awareness of his right to elect a survivor annuity for his new spouse within 1 year of remarriage did not overcome the need to determine whether the annuitant actually received the statutorily required notice); *Murphy v. Office of Personnel Management*, 50 M.S.P.R. 407, 411-12 (1991) (same). Moreover, although the appellant was apparently aware of his possible entitlement to disability retirement, there is no indication he was aware of the 1-year deadline to file his application. IAF, Tab 6 at 58.

express no opinion as to whether this refund impacts the appellant's entitlement to an annuity. OPM has not yet made a determination on this issue, and therefore, we are without jurisdiction to adjudicate it. *See Poole v. Department of the Army*, 117 M.S.P.R. 516, ¶ 10 (2012) (observing, in a CSRS retirement appeal, that the scope of the appeal was limited to those matters addressed in OPM's reconsideration decision). OPM should address this issue on remand, as well as the appellant's argument that he is entitled to a presumption that he is disabled based on the nature of his removal. PFR File, Tab 1 at 5 (citing *Bruner v. Office of Personnel Management*, 996 F.2d 290, 292-94 (Fed. Cir. 1993) (determining that when an employing agency separates an individual for physical inability to perform the duties of his assigned position or another position within the agency, he is entitled to a presumption that he is disabled for purposes of eligibility for a CSRS disability retirement annuity).

## ORDER

For the reasons discussed above, we remand this case to OPM. OPM shall waive the statutory time limit for filing the application for disability retirement and shall determine the merits of the application in a new decision. OPM shall issue a new reconsideration decision addressing whether the appellant's medical conditions as raised in his application materials entitle him to disability retirement benefits. OPM shall issue the new reconsideration decision within 60 calendar days from the date of this Remand Order and shall advise the appellant of his right to file an appeal with the Board's Atlanta Regional Office if he disagrees with that new decision. *See Ott v. Office of Personnel Management*, 120 M.S.P.R. 453, ¶ 9 (2013).

We also ORDER OPM to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and to describe the actions it took to carry out the Board's Order. We ORDER the appellant to provide all necessary information OPM requests to help it carry out the Board's Order. The

appellant, if not notified, should ask OPM about its progress. *See* 5 C.F.R. § 1201.181(b).

No later than 30 days after OPM tells the appellant it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that OPM did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes OPM has not fully carried out the Board's Order, and should include the dates and results of any communications with OPM. *See* 5 C.F.R. § 1201.182(a).

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.