# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CHRISTOPHER A. ADAMS,
              Appellant,

      v.

OFFICE OF PERSONNEL
   MANAGEMENT,
              Agency.

DOCKET NUMBER
CH-844E-22-0143-I-1

DATE: May 7, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Kristal Burke</u>, Berea, Kentucky, for the appellant.

<u>Linnette L. Scott</u>, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the final decision of the Office of Personnel Management (OPM) dismissing his application for disability retirement under the Federal Employees' Retirement System (FERS) as untimely filed. For the reasons set forth below, we GRANT the appellant's petition for review, REVERSE the initial decision, and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REMAND the case to OPM for further adjudication consistent with this Remand Order.

## BACKGROUND

The Department of the Army (DA) employed the appellant as a WG-11 Telecommunications Mechanic for several years. Initial Appeal File (IAF), Tab 13 at 34, 43. In October 2018, the appellant had back surgery. *Id.* at 112-13. After returning to duty, he injured his back at work in December 2018. *Id.* In February 2019, DA ordered a fitness for duty examination, which found the appellant unfit for his position and that reasonable accommodations for continued employment in the position would not be possible. *Id.* at 107, 112-13. In March 2019, DA issued a letter of proposed removal due to his physical inability to perform the duties of his position. *Id.* at 77-80.

DA issued a removal decision on April 24, 2019, effective April 26, 2019.[2] *Id.* at 73-75. The decision letter noted that DA unsuccessfully searched for a vacant, funded position to which the appellant could be reassigned given his medical requirements. *Id.* at 73. The proposed removal letter, but not the removal decision, informed the appellant of his possible eligibility for disability retirement. *Id.* at 73-75, 78. But neither letter informed him of the 1-year deadline to file the necessary application. *Id.*

Over 1 1/2 years after his removal, in November 2020, the appellant applied for disability retirement under FERS. *Id.* at 52-55. On April 12, 2021, the appellant filed an application for immediate retirement. *Id.* at 39-40. OPM issued a reconsideration decision dismissing both of the appellant's applications because he applied after the statutory 1-year time limit lapsed. *Id.* at 5-8, 24-25.

The appellant filed this appeal alleging OPM wrongly dismissed his application. IAF, Tab 1 at 4. He did not dispute the untimeliness of his

---

[2] There is some evidence in the record that the removal may not have been effected until May 8, 2019. IAF, Tab 13 at 31, 44, 49. However, as it is not relevant to our disposition here, we need not determine whether the April or May 2019 date is correct.

application but stated that his mental and physical health had declined, apparently suggesting that the time limit should be waived. *Id.* The administrative judge granted the appellant's hearing request on the issue of whether the appellant had a mental condition that rendered him incompetent at the date of his separation or within 1 year thereafter, such that the 1-year filing deadline could be waived. IAF, Tab 26 at 1.

After the hearing, the administrative judge issued an initial decision affirming OPM's dismissal. IAF, Tab 42, Initial Decision (ID) at 1, 12. She reasoned that both of the appellant's applications to OPM were untimely because he submitted them more than 1 year after his removal. ID at 4-7. She further reasoned that the appellant failed to demonstrate that he became incompetent before the April 26, 2020 filing deadline and so did not demonstrate that the 1-year filing deadline should be waived. ID at 7-12.

The appellant has timely filed a petition for review of the initial decision. Petition for Review File, Tab 1. On review, the appellant reasserts that his back surgery caused his memory loss and he is physically and mentally unable to think and write for himself. *Id.* at 10. He asks the Board to reconsider for the sake of his children. *Id.* The agency has not responded to the petition for review.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>We agree with the administrative judge that the appellant's application for disability retirement was untimely.</u>

The administrative judge found that the appellant's November 2020 application for disability retirement was untimely. ID at 4. Applications for disability retirement must be filed with OPM "before the employee . . . is separated from the service or within 1 year thereafter." 5 U.S.C. § 8453. The administrative judge reasoned that the appellant had to file his application by April 26, 2020, which was 1 year from April 26, 2019, the effective date of his removal. ID at 4; IAF, Tab 13 at 73. The parties do not dispute this finding on review, and we decline to disturb it under the circumstances here.

<u>We toll the deadline due to the employing agency's failure to provide notice as required by 5 C.F.R. § 844.202(b)(1).</u>

The administrative judge did not address the fact that DA failed to inform the appellant of the 1-year filing deadline. We find that this was reversible error and that equitable tolling of the statutory filing deadline is available here.

Section 844.202(b)(1) of title 5 of the Code of Federal Regulations states that an agency removing an employee, apparently based on his medical inability to perform in his position, "must advise the employee in writing of his or her possible eligibility for disability retirement and of the time limit for filing an application." The U.S. Court of Appeals for the Federal Circuit (Federal Circuit) has held that the 1-year filing deadline required by 5 U.S.C. § 8453 can be waived when the agency fails to provide these details. *See, e.g.*, *Johnson v. Office of Personnel Management*, No. 2015-3175, slip op. at 3-4 (Fed. Cir. May 24, 2016) (concluding that the failure to provide notice under 5 C.F.R. § 844.202(b)(1) could require waiver of the 1-year filing deadline); *Winchester v. Office of Personnel Management*, 449 F. App'x 936, 937-39 (Fed. Cir. 2011) (finding that failure to provide regulatory notice under 5 C.F.R. § 831.1205(b)(1), the regulatory equivalent of 5 C.F.R. § 844.202(b)(1) applicable to disability retirement applications submitted under the Civil Service Retirement System, could serve as a basis to equitably toll the filing deadline). Following the Federal Circuit's remand of *Johnson* to the Board, the Board in turn remanded the case to the regional office to determine if notice was required under the regulation, i.e., if the employee's removal was "apparently caused by a medical condition." *Johnson v. Office of Personnel Management*, MSPB Docket No. CH-844E-14-0449-M-1, Remand Order, ¶ 4 n.2, ¶¶ 6-7 (Sept. 2, 2016) (quoting 5 C.F.R. § 844.202(b)(1)). Although we are not bound by the Federal Circuit's nonprecedential decisions, we find these decisions persuasive in the instant case. *See Special Counsel v. Coffman,* 124 M.S.P.R. 130, ¶ 56 n.10 (2017)

(explaining that the Board may rely on unpublished decisions of the Federal Circuit if it finds the court's reasoning persuasive).

DA proposed and ultimately removed the appellant for physical inability to perform the duties of his position due to complications related to his back surgery, medical disabilities for which recovery was not expected. IAF, Tab 13 at 73-75, 77-80, 112-13. It explained that "the proposed action to terminate [the appellant] is not a result of [his] misconduct, but is due to medical disqualification." *Id.* at 73. Thus, his removal was explicitly based on disability, and DA was required to advise the appellant of his possible eligibility for disability retirement and the time limit for filing an application. 5 C.F.R. § 844.202(b)(1). Although DA advised him of his possible eligibility for disability retirement, it is undisputed that DA failed to advise the appellant of the time limit for filing an application. IAF, Tab 13 at 73-75, 77-80. Because the employing agency failed to fulfill its notice requirements under 5 C.F.R. § 844.202(b)(1), we find the appellant's 1-year deadline to file his disability retirement application should have been equitably tolled.[3]

## ORDER

For the reasons discussed above, we remand this case to OPM for further adjudication in accordance with this Remand Order.

OPM shall waive the statutory time limit for filing the application for disability retirement and shall determine the merits of the application in a new final decision addressing whether the appellant's medical conditions as raised in

---

[3] Although the appellant may have been aware of his possible entitlement to disability retirement, his "actual awareness" of his rights does not release DA from its obligations to notify him of the deadline by which he must submit an application. *See Harris v. Office of Personnel Management*, 888 F.2d 121, 124 (Fed. Cir. 1989) (finding annuitant's "actual awareness" of his election right for survivor benefits did not overcome need to determine whether annuitant actually received statutorily required notice); *Murphy v. Office of Personnel Management*, 50 M.S.P.R. 407, 411-12 (1991) (same). Moreover, although the appellant was apparently aware of his possible entitlement to disability retirement, there is no indication that he was aware of the 1-year deadline to file his application.

his application materials entitle him to disability retirement benefits. OPM shall issue the new decision within 60 days of the date of this Order and in that decision shall advise the appellant of the right to file an appeal with the Board if he disagrees with that new decision. *See* 5 U.S.C. § 8461(e)(1); 5 C.F.R. § 841.308. Any such appeal must be filed consistent with the Board's regulations. We ORDER the appellant to provide all necessary information that OPM requests to help it carry out the Board's Order. *See* 5 C.F.R. § 1201.181(b).

If OPM fails to issue the ordered decision within 60 days of the date of this Order, the appellant may file a petition for enforcement with the Central Regional Office. 5 C.F.R. § 1201.181(a). The petition should contain specific reasons why the appellant believes that OPM has not fully carried out the Board's Order and should include the dates and results of any communications with OPM about its progress in issuing its final decision. 5 C.F.R. § 1201.182(a). Any petition for enforcement must be filed within 90 days of the date of this Order.

FOR THE BOARD:         *Gina K. Grippando*
                          _____
                          Gina K. Grippando
                          Clerk of the Board

Washington, D.C.